The opinion of the court was delivered by
White, J.
This is a suit to recover a money judgment against the defendant. The parties have during years had transactions, in which' money has been loaned and returned, in which checks have been given and the proceeds disbursed, in which gold has been sold, notes given and canpeled, a house built and paid for, from' all of which the claimed debt is assumed to result. No regular accounts were kept, and the whole case turns upon the examination of oral testimony, as confused and unsatisfactory as it can well be. To add to these difficulties, the case has been tried with a looseness which passes description, and puts powers of analysis to the blush. In fact, one of the counsel, not engaged in the trial below, informed us that it had taken him a summer’s leisure to prepare the brief submitted on the hearing of the cause, and we can fully appreciate the statement, for even with the assistance of oral argument and elaborate briefs, after much examination, and the very closest scrutiny, we have closed the record with the settled conviction, that it is absolutely impossible to draw from the confused mass of testimony which it contains any light by which truth may be discovered and justice done between the parties.
The lower judge, who gave judgment against the defendant, seems to have become aware of the foregoing only after the trial, for when the case was under advisement, doubtless appalled by the labyrinth of facts *533 before him, without notice to the parties, referred the case to an expert for report, and seems to have taken the report thus made as the basis of his conclusions. We think he did, after the case was under advisement, what he should have done during the course of the trial, that is, refer the parties to an expert, 0. P. 442, by whom the matter could have been examined in all its details, by the aid of whose report the court might have been able to find at least a clue to the just ascertainment of the rights of the parties litigant. This not having been done, we can not undertake to determine a case where we can actually reach no result, and where the conscience and judgment find themselves completely obscured by the cloud of details under which the merits of the case, if any, are hidden.
The j udgment is reversed, and the case is remanded for further proceedings in conformity with the views hereinabove expressed. The costs of appeal to be paid by appellee, those in the district court to await the final result.
Rehearing refused.